UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LATASHA NACOLE TRAYLOR,

    PLAINTIFF,

v.

                  CASE NO.:

HUNTER INVESTIGATIONS, LLC,

                  ***JURY DEMANDED***

    DEFENDANT.

## **COMPLAINT**

### I. **INTRODUCTION**

1. This is an action for damages brought by an individual consumer, Latasha Nacole Traylor, against Defendant Hunter Investigations, LLC for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, as amended.

2. The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b).

3. Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

### II. **PARTIES**

3. Plaintiff Latasha Nacole Traylor is an adult individual who resides in this judicial district.

4. Defendant Hunter Investigations, LLC ("Hunter" or "Defendant") is a business entity that regularly conducts business in this judicial district and has principal places of business located at 119 Gateway Ave., Rockwood, Tennessee 37854. Hunter sells consumer reports, also known as "employment screening background reports" generated from its database, or the databases of its vendors. Hunter furnishes employment screening background reports to employers in connection with determining the eligibility of applicants. Hunter is a consumer reporting agency, as defined by the FCRA.

### III. JURISDICTION AND VENUE

5. This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows FCRA claims to be brought in any appropriate court of competent jurisdiction.

6. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

### IV. FACTS

7. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's background to third parties (hereafter the "inaccurate information").

8. The inaccurate information includes, but is not limited to, a criminal record for an arrest for assault and domestic bodily injury that does not belong to the plaintiff. Defendant also reported obsolete criminal records, including three criminal records for arrests that were dismissed more than seven years prior to Hunter's preparation of Plaintiff's employment screening background report.

9. The inaccurate information negatively reflects upon the Plaintiff. It appears that Defendant, as a result of its unreasonable faulty procedures, produced consumer reports related to Plaintiff that identified Plaintiff as having been charged with an assault charge when Plaintiff has no criminal such history. Defendant mixed criminal background of another consumer in Plaintiff's employment screening reports. Defendant also unlawfully included obsolete adverse criminal arrests records that predate Plaintiff's employment screening background report by more than seven years.

10. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate background information and consumer reports that it has disseminated to various persons and Plaintiff's prospective employers, both known and unknown.

11. Plaintiff applied for and has been denied employment opportunities, including but not limited to, employment opportunities with Capitol City Residential Healthcare ("Capitol City"), in Franklin, Tennessee. In connection with her application for employment, Capitol City requested Plaintiff's employment screening report from Hunter. In response, and upon information and belief, Hunter obtained criminal record information from its vendor, TLO.[1] Hunter included three criminal records in Plaintiff's employment screening reports for Capital City on no less than two occasions. Capitol City denied Plaintiff's application for employment. Plaintiff has been informed that the basis for the denial was the inaccurate information that appears on Plaintiff's employment screening background reports prepared by Defendant and that the inaccurate information was a substantial factor for the adverse employment action.

---

[1] According to TLO's terms of usage, "Services Information may not be used in whole or in part as a factor in determining eligibility for credit, insurance, or employment or for any other purpose contemplated by the FCRA." https://www.tlo.com/terms-conditions  Last visited December 12, 2020.  In other words, Hunter is not allowed to use any criminal records obtained from TLO in connection with the preparation of consumer reports used to determine consumers' eligibility for employment.

12. Plaintiff disputed the inaccurate information to Hunter and Hunter failed to delete or reinvestigate the disputed items of information. Hunter continued to report the inaccurate information to third parties, including Capitol City. Hunter did not notify TLO or any other person whom it obtained the criminal record information of Plaintiff's dispute.

13. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunity, harm to reputation, and emotional distress, including anxiety, frustration, humiliation, and embarrassment.

14. At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein, the subject report was not an investigative report.

15. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants, and/or employees, was intentional, willful, reckless, negligent, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V. CAUSES OF ACTION

### COUNT ONE - VIOLATIONS OF THE FCRA

16. Plaintiff realleges and incorporates by reference all preceding allegations.

17. Defendant is a "consumer reporting agency," as defined by FCRA, 15 U.S.C. § 1681a(f).

18. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

19. At all times pertinent hereto, the above-mentioned background report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

20. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's background report and the files it published and maintained.

21. More specifically, upon information and belief, Defendant has no policies or procedures to prevent the mixing of consumers' criminal record information or obsolete criminal records, or both from appearing on the consumer reports it prepares for third parties in connection with employment background checks.

22. Alternatively, Defendant failed to follow its procedures to prevent the mixing of criminal records or obsolete criminal records, or both, from appearing on Plaintiff's employment background screening report in connection with her application for employment with Capitol City.

23. As a result of Defendant's violations of 15 U.S.C. §1681e(b), Plaintiff suffered actual damages including but not limited to: lost employment opportunities and wages; damage to her reputation; embarrassment; humiliation; and other mental, physical, and emotional distress.

24. The violations by Defendant were willful, rendering Defendant liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

25. Plaintiff is entitled to recover punitive damages, actual damages, statutory damages, costs, and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT TWO - VIOLATIONS OF THE FCRA

26. Plaintiff realleges and incorporates by reference all preceding allegations.

27. Defendant is a "consumer reporting agency," as defined by FCRA, 15 U.S.C. § 1681a(f).

28. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

29. At all times pertinent hereto, the above-mentioned background report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

30. Defendant violated 15 U.S.C. § 1681c(a)(2) by including obsolete criminal record information in the employment background screening report prepared for Capital City.

31. More specifically, Defendant included records of arrests for no less than three cases, all of which were dismissed almost ten years prior to Defendant's preparation of the report.

32. The criminal record information is adverse public record information.

33. As a result of Defendant's violations of 15 U.S.C. § 1681c(a)(2), Plaintiff suffered actual damages including but not limited to: lost employment opportunities and wages; damage to her reputation; embarrassment; humiliation; and other mental, physical, and emotional distress.

34. The violations by Defendant were willful, rendering Defendant liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

35. Plaintiff is entitled to recover punitive damages, actual damages, statutory damages, costs, and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT THREE - VIOLATIONS OF THE FCRA

36. Plaintiff realleges and incorporates by reference all preceding allegations.

37. Defendant is a "consumer reporting agency," as defined by FCRA, 15 U.S.C. § 1681a(f).

38. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

39. At all times pertinent hereto, the above-mentioned background report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

40. Defendant violated 15 U.S.C. § 1681i(a)(1)(A) when it failed to delete or perform a reasonable reinvestigation of Plaintiff's dispute.

41. More specifically, Plaintiff disputed the inaccurate information to Hunter.

42. In response to Plaintiff's dispute, it did not delete the criminal records from her file.

43. Hunter took no action to determine whether each of the criminal records actually belonged to Plaintiff.

44. Hunter took no action to determine whether the records were obsolete in accordance with the FCRA.

45. As a result of Defendant's violations of 15 U.S.C. §1681i(a)(1)(A), Plaintiff suffered actual damages including but not limited to: lost employment opportunities and wages; damage to her reputation; embarrassment; humiliation; and other mental, physical, and emotional distress.

46. The violations by Defendant were willful, rendering Defendant liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

47. Plaintiff is entitled to recover punitive damages, actual damages, statutory damages, costs, and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT FOUR - VIOLATIONS OF THE FCRA

48. Plaintiff realleges and incorporates by reference all preceding allegations.

49. Defendant is a "consumer reporting agency," as defined by FCRA, 15 U.S.C. § 1681a(f).

7

Case 3:20-cv-01067   Document 1   Filed 12/14/20   Page 7 of 11 PageID #: 7

50. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

51. At all times pertinent hereto, the above-mentioned background report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

52. Defendant violated 15 U.S.C. § 1681i(a)(2)(A) when it failed to notify the source of Plaintiff's dispute or supply all relevant information about Plaintiff's dispute, or both.

53. More specifically, Hunter did not contact the source of the criminal records or provide the source of the criminal records with the substance of Plaintiff's dispute and all relevant information.

54. Instead of notifying the source of the inaccurate information, Hunter prepared a second employment background screening report for Capitol City Residential Healthcare, which indicated that the three obsolete criminal records were dismissed.

55. As a result of Defendant's violations of 15 U.S.C. 15 U.S.C. § 1681i(a)(2)(A) Plaintiff suffered actual damages including but not limited to: lost employment opportunities and wages; damage to her reputation; embarrassment; humiliation; and other mental, physical, and emotional distress.

56. The violations by Defendant were willful, rendering Defendant liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

57. Plaintiff is entitled to recover punitive damages, actual damages, statutory damages, costs, and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT FIVE - VIOLATIONS OF THE FCRA

58. Plaintiff realleges and incorporates by reference all preceding allegations.

59. Defendant is a "consumer reporting agency," as defined by FCRA, 15 U.S.C. § 1681a(f).

60. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

61. At all times pertinent hereto, the above-mentioned background report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

62. Defendant violated 15 U.S.C. §§ 1681i(a)(6)(A-B) when it failed to provide Plaintiff with written notice of the results of its reinvestigation

63. More specifically, Hunter did not send Plaintiff any written notice of the completion and the results of its reinvestigation.

64. Huner also did not notify Plaintiff that she had the right to request the steps Hunter undertook while performing its reinvestigation or that she had a right to add a consumer statement to her file.

65. Instead of notifying Plaintiff, Hunter prepared a second employment background screening report for Capitol City Residential Healthcare, which indicated that the three obsolete criminal records were dismissed.

66. As a result of Defendant's violations of 15 U.S.C. §§ 1681i(a)(6)(A-B) Plaintiff suffered actual damages including but not limited to: lost employment opportunities and wages; damage to her reputation; embarrassment; humiliation; and other mental, physical, and emotional distress.

67. The violations by Defendant were willful, rendering Defendant liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

9
Case 3:20-cv-01067   Document 1   Filed 12/14/20   Page 9 of 11 PageID #: 9

68. Plaintiff is entitled to recover punitive damages, actual damages, statutory damages, costs, and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## **Jury Trial Demand**

69. Plaintiff demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant, for the following requested relief:

**Count One**

    A.    Actual damages;

    B.    Statutory damages;

    C.    Punitive damages;

    D.    Costs and reasonable attorney's fees; and

    E.    Such other and further relief as may be necessary, just and proper.

**Count Two**

    A.    Actual damages;

    B.    Statutory damages;

    C.    Punitive damages;

    D.    Costs and reasonable attorney's fees; and

    E.    Such other and further relief as may be necessary, just and proper.

**Count Three**

    A.    Actual damages;

    B.    Statutory damages;

    C.    Punitive damages;

    D.    Costs and reasonable attorney's fees; and

E. Such other and further relief as may be necessary, just and proper.

**Count Four**

A. Actual damages;

B. Statutory damages;

C. Punitive damages;

D. Costs and reasonable attorney's fees; and

E. Such other and further relief as may be necessary, just and proper.

**Count Five**

A. Actual damages;

B. Statutory damages;

C. Punitive damages;

D. Costs and reasonable attorney's fees; and

E. Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

*/s/ Micah S. Adkins*
Micah S. Adkins
TBR No. 036451
**THE ADKINS FIRM, P.C.**
1025 Westhaven Blvd., Suite 220
Franklin, Tennessee 37064
T: (615) 370.9659
F: (205) 208.9632
E: MicahAdkins@ItsYourCreditReport.com
*Counsel for Plaintiff*
*Latasha Nacole Traylor*